UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HILARIO GARCIA,<br><br>Plaintiff,<br><br>- against. -<br><br>Y AND E BENJYS LLC d/b/a BENJY'S KOSHER PIZZA & SUSHI BAR and YOSEF YAKUBOV, individually,<br><br>Defendants. | **COMPLAINT** |

Plaintiff Hilario Garcia ("Plaintiff" or "Garcia"), by and through his attorney, The Law Offices of Jacob Aronauer, complaining of Y and E Benjys LLC d/b/a Benjy's Kosher Pizza & Sushi Bar ("Benjy's") and Yosef Yakubov ("Yakubov"), individually (collectively, "Defendants"), alleges the following:

## NATURE OF THE ACTION

1. This is a civil action brought by Plaintiff to recover unpaid overtime wages, minimum wages, and spread-of-hours compensation under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

2. Plaintiff worked at Benjy's Kosher Pizza & Sushi Bar ("Benjy's"), owned and operated by Defendants Y and E Benjys LLC and Yosef Yakubov.

3. During his employment, Plaintiff regularly worked more than 40 hours per week without receiving the overtime compensation required under the FLSA and NYLL. Defendants also failed to pay Plaintiff the applicable minimum wages and spread-of-hours compensation required under the NYLL.

4. Defendants failed to provide Plaintiff with the wage notices and wage statements required under NYLL §§ 195(1) and 195(3).

5. Plaintiff seeks to recover unpaid wages, overtime compensation, spread-of-hours compensation, liquidated damages, applicable statutory damages, prejudgment and post judgment interest, reasonable attorneys' fees and costs, and such other relief as permitted by law.

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over Plaintiff's claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq., pursuant to 28 U.S.C. §§1331 and 1337, and 29 U.S.C. § 216(b).

7. This Court has supplemental jurisdiction over Plaintiff's claims arising under the New York Labor Law ("NYLL") pursuant to 28 U.S.C. §1367(a), because those claims arise from the same case or controversy as Plaintiff's federal claims.

8. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Queens County, New York, within this judicial district.

## PARTIES

### Plaintiff Hilario Garcia

9. Plaintiff Hilario Garcia is an adult individual residing in Queens, New York.

10. From on or about May 2022 through on or about August 2026, Plaintiff was employed by Defendants at Benjy's Kosher Pizza & Sushi Bar ("Benjy's"), located at 72-72 Main Street, Flushing, New York 11367.

11. During his employment with Defendants, Plaintiff performed various restaurant duties, including food preparation, customer service, cleaning, and serving customers.

12. Plaintiff was an employee within the meaning of the FLSA and the NYLL.

**Corporate Defendant Y and E Benjys LLC**

13. Defendant Y and E Benjys LLC ("Benjys LLC") is a limited liability company organized under the laws of the State of New York that owns and operates Benjy's, a restaurant located at 72-72 Main Street, Flushing, New York 11367.

14. At all relevant times, Benjys LLC employed Plaintiff and exercised control over his employment, including his working conditions, schedule, and compensation.

15. Upon information and belief, Benjys LLC is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A), in that its employees handled, sold, or otherwise worked on goods or materials that had moved in interstate commerce, and its annual gross volume of sales made or business done was not less than $500,000.

16. At all relevant times, Benjys LLC was Plaintiff's employer within the meaning of the FLSA and NYLL.

**Individual Defendant Yosef Yakubov**

17. Defendant Yosef Yakubov (“Yakubov”) is an individual who resides in Queens, New York, and is an owner and operator of Benjys LLC.

18. In or about May 2022, Yakubov acquired Benjy's and introduced himself to the restaurant's employees as its new owner.

19. Yakubov designated Tomás Flores (“Flores”) as the restaurant's manager and placed him in charge of its day-to-day operations, including the supervision of employees.

20. Yakubov regularly visited the restaurant and, during approximately Plaintiff's final year of employment, personally supervised and directed Plaintiff's work by giving him work-related instructions.

21. Yakubov maintained operational control over Benjy's, including authority over its management and employment practices.

22. At all relevant times, Yakubov exercised sufficient operational control over Plaintiff's employment to qualify as an employer within the meaning of the FLSA and NYLL.

23. Defendants jointly employed Plaintiff and exercised control, directly or through their agents, over the employment practices alleged herein.

## STATEMENT OF THE FACTS

### Benjy's Kosher Pizza & Sushi Bar

24. Benjy's is a kosher restaurant located at 72-72 Main Street, Flushing, New York 11367.

25. There is nothing ‘kosher’, though, about Benjy’s wage and hour practices.

26. In or about May 2022, Defendants acquired the restaurant and continued operating it at the same location.

27. Plaintiff, who had worked at the restaurant since approximately 2011, continued his employment following the change in ownership.

28. Following the acquisition, Defendant Yakubov introduced himself to the employees as the new owner and designated Tomás Flores (“Flores”) as the restaurant's manager.

### Plaintiff Hilario Garcia's Employment with Defendants

29. From on or about May 2011 through on or about August 2026, Plaintiff was employed by Defendants at Benjy's.

30. During his employment with Defendants, Plaintiff performed various restaurant duties, including preparing food and ingredients, attending to customers, receiving deliveries, maintaining supplies, and cleaning the restaurant.

31. Flores supervised Plaintiff's daily work and handled his wage payments.

32. Defendant Yakubov also personally directed Plaintiff's work during his visits to the restaurant.

33. From approximately May 2022 until July 2026, Plaintiff regularly worked seven days per week (this is the time period that Plaintiff seeks recovery).

34. Plaintiff's regular work schedule was as follows: Sundays through Thursdays from 11:00 a.m. to 9:30 p.m.; Fridays from 11:00 a.m. to 5:00 p.m.; and Saturdays from 8:30 p.m. to 1:00 a.m. the following morning.

35. For the week of May 11, 2026 through May 17, 2026, Plaintiff worked approximately 63 hours but was not paid time and one half.

36. Plaintiff's regular schedule totaled approximately 63 hours per week, including paid meal breaks.

37. During his employment with Defendants, Plaintiff was paid a fixed salary of $800 per week, regardless of the number of hours he worked.

38. From approximately May 2022 through the end of 2025, Defendants paid Plaintiff entirely in cash.

39. Beginning in or about 2026, Defendants paid Plaintiff $500 per week by check and the remaining $300 in cash.

40. Defendants paid Plaintiff in this manner to circumvent their obligations under the FLSA and the NYLL.

41. Defendants failed to compensate Plaintiff at one and one-half times his regular rate of pay for hours worked more than 40 in a workweek.

42. Defendants also failed to pay Plaintiff the applicable minimum wages required under the NYLL.

43. Plaintiff regularly worked shifts exceeding 10 hours, including Sundays through Thursdays, without receiving the additional spread-of-hours compensation required under New York law.

44. Plaintiff was not required to clock in or out even though Defendants maintained a timekeeping system at the restaurant.

45. In July 2026, Plaintiff became seriously ill and was absent from work for approximately 15 days. Plaintiff notified Flores of his condition, and Flores approved his absence.

46. On or about July 29, 2026, Plaintiff returned to work. Flores informed him that his previous position had been filled and reduced his work schedule to Saturdays and Sundays only.

47. This led to Plaintiff's unlawful constructive discharge.

**<u>Defendants' Violations of the Wage and Theft Prevention Act</u>**

48. Throughout his employment with Defendants, Plaintiff was not provided with wage statements identifying his regular and overtime hours, rates of pay, gross wages, deductions, and net wages.

49. Defendants also failed to provide Plaintiff with written wage notices setting forth his applicable rates of pay, overtime rates, and other information required under NYLL § 195(1).

50. As a result, Plaintiff did not receive accurate written documentation of his hours worked, wages paid, or the basis upon which Defendants calculated his compensation.

51. Plaintiff was never given a correct notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address

of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

**FIRST CAUSE OF ACTION**
**Unpaid Overtime Wages in Violation of the Fair Labor Standards Act**
**29 U.S.C. § 207(a)(1)**

52. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

53. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiff.

54. Plaintiff regularly worked in excess of 40 hours per week during his employment with Defendants.

55. Defendants willfully failed to pay Plaintiff the appropriate overtime premiums for all hours worked in excess of 40 hours per work week, as required by the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations.

56. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

57. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

58. As a result of Defendants' willful violations of the FLSA, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

**SECOND CAUSE OF ACTION**
**Unpaid Overtime Wages in Violation of New York Labor Law**
**NYLL §§ 650 et seq. and 12 NYCRR § 146-1.4**

59. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

60. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §652 and 12 NYCRR §142-2.2.

61. Defendants failed to pay Plaintiff the overtime premium of one and one-half times the regular hourly rate of pay for all of her overtime hours worked, in violation of the NYLL.

62. Through their knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per work week, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

63. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**New York Labor Law – Failure to Pay Minimum Wage**
**NYLL § 652 and 12 NYCRR § 146-1.2**

64. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint.

65. At all relevant times, Plaintiff was an employee, and Defendants were employers, within the meaning of the New York Labor Law ("NYLL") and the applicable New York State Department of Labor regulations.

66. At all relevant times, Defendants were required to pay Plaintiff at least the applicable minimum hourly wage for all hours worked, pursuant to NYLL § 652 and 12 NYCRR § 146-1.2.

67. During his employment with Defendants, Plaintiff regularly worked approximately 63 hours per week but received a fixed weekly salary of $800, resulting in compensation below the applicable minimum wage requirements.

68. Defendants failed to pay Plaintiff the minimum wages required under the NYLL and the applicable New York State Department of Labor regulations.

69. Defendants' failure to pay Plaintiff the required minimum wages was willful and not based on a good-faith belief that their compensation practices complied with the NYLL.

70. As a result of Defendants' violations of the NYLL, Plaintiff is entitled to recover unpaid minimum wages, liquidated damages, prejudgment interest, reasonable attorneys' fees and costs, pursuant to NYLL § 663.

## FOURTH CAUSE OF ACTION
**Failure to Pay Spread-of-Hours Compensation**
**NYLL § 652 and 12 NYCRR § 146-1.6**

71. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint.

72. At all relevant times, Plaintiff was an employee, and Defendants were his employers, within the meaning of the New York Labor Law ("NYLL") and the applicable New York State Department of Labor regulations.

73. Pursuant to 12 NYCRR § 146-1.6, Defendants were required to pay Plaintiff one additional hour of compensation at the applicable minimum hourly wage rate for each workday in which the spread of hours exceeded 10 hours.

74. During his employment with Defendants, Plaintiff regularly worked Sundays through Thursdays from 11:00 a.m. to 9:30 p.m., resulting in a spread of hours of approximately ten and one-half (10.5) hours per day.

75. Defendants failed to pay Plaintiff the additional spread-of-hours compensation required under 12 NYCRR § 146-1.6.

76. Defendants' failure to pay Plaintiff the required spread-of-hours compensation was willful and not based on a good-faith belief that their compensation practices complied with the NYLL.

77. As a result of Defendants' violations of the NYLL, Plaintiff is entitled to recover unpaid spread-of-hours compensation, liquidated damages, prejudgment interest, reasonable attorneys' fees and costs, pursuant to NYLL § 663.

## FIFTH CAUSE OF ACTION
**Failure to Provide Wage Notices**
**NYLL § 195(1)(a)**

78. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint.

79. At all relevant times, Defendants were employers subject to the requirements of New York Labor Law ("NYLL") § 195(1)(a).

80. Pursuant to NYLL § 195(1)(a), Defendants were required to provide Plaintiff, at the time of hiring, with a written notice containing his rate or rates of pay, the basis of his compensation, applicable overtime rate, designated payday, employer information, and other information required by law.

81. Defendants failed to provide Plaintiff with the written wage notice required under NYLL § 195(1)(a).

82. Defendants' failure to provide the required wage notice violated NYLL § 195(1)(a).

83. As a result of Defendants' violation, Plaintiff seeks statutory damages pursuant to NYLL § 198(1-b), together with reasonable attorneys' fees and costs, to the extent permitted by law.

**SIXTH CAUSE OF ACTION**
**Failure to Provide Annual Wage Notices**
**NYLL § 195(3)**

84. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint.

85. At all relevant times, Defendants were employers subject to the requirements of New York Labor Law ("NYLL") § 195(3).

86. Pursuant to NYLL § 195(3), Defendants were required to provide Plaintiff with an accurate wage statement with every payment of wages, identifying, among other things, the dates of work covered by the payment, Plaintiff's regular and overtime rates of pay, regular and overtime hours worked, gross wages, deductions, and net wages.

87. Throughout his employment with Defendants, Plaintiff was paid weekly but was never provided with wage statements containing the information required under NYLL § 195(3).

88. Defendants' failure to provide the required wage statements violated NYLL § 195(3).

89. As a result of Defendants' violations, Plaintiff seeks statutory damages of $250 for each workday that the violations occurred or continued, up to the statutory maximum of $5,000, together with reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the entry of an order and judgment against Defendants, jointly and severally, as follows:

(a) Award Plaintiff unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1), together with liquidated damages as provided under 29 U.S.C. § 216(b);

(b) Award Plaintiff unpaid overtime wages pursuant to the New York Labor Law and 12 NYCRR § 146-1.4, together with liquidated damages as provided under NYLL § 663, without duplicative recovery;

(c) Award Plaintiff unpaid minimum wages pursuant to NYLL § 652 and 12 NYCRR § 146-1.2, together with applicable liquidated damages pursuant to NYLL § 663;

(d) Award Plaintiff unpaid spread-of-hours compensation pursuant to 12 NYCRR § 146-1.6, together with applicable liquidated damages pursuant to NYLL § 663;

(e) Award Plaintiff statutory damages for Defendants' failure to provide wage notices as required by NYLL § 195(1)(a), up to the statutory maximum of $5,000, pursuant to NYLL § 198(1-b);

(f) Award Plaintiff statutory damages for Defendants' failure to provide wage statements as required by NYLL § 195(3), up to the statutory maximum of $5,000, pursuant to NYLL § 198(1-d);

(g) Award Plaintiff prejudgment interest on amounts recoverable under the NYLL, to the extent permitted by law;

(h) Award Plaintiff post judgment interest pursuant to 28 U.S.C. § 1961;

(i) Award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198 and 663; and

(j) Award such other and further legal or equitable relief as the Court deems just and proper.

Dated: October 27, 2026
New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

By: *<u>/s/ Jacob Aronauer</u>*
Jacob Aronauer
250 Broadway, Suite 600
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

*Attorney for Plaintiff*